## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

John M. Agnello
Melissa E. Flax
Carella, Byrne, Cecchi,
Olstein, Brody & Agnello
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
jagnello@carellabyrne.com
mflax@carellabyrne.com

Michael D. Daneker
Eric A. Rey
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5177
Michael.Daneker@aporter.com
Eric.Rey@aporter.com

*Attorneys for Defendant Honeywell International Inc.*

---

|  |  |  |
|---|---|---|
| NL INDUSTRIES, INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 13-CV-03493 |
| | : | |
| vs. | : | ***Document Electronically Filed*** |
| | : | |
| OLD BRIDGE TOWNSHIP ET AL., | : | **ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND CROSS-CLAIM OF HONEYWELL INTERNATIONAL INC.** |
| | : | |
| Defendants. | : | |
| | : | |

---

Defendant, Honeywell International Inc. ("Honeywell"), by and through its attorneys,

Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. and Arnold & Porter LLP, by way of

answer to the Second Amended Complaint of Plaintiff, NL Industries, Inc. ("Plaintiff"), hereby

states as follows:

## SUMMARY OF THE ACTION[1]

1.      The Record of Decision ("ROD") for the Raritan Bay Site is a document created by the U.S. Environmental Protection Agency.  The ROD speaks for itself.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the balance of Paragraph 1 of the Second Amended Complaint.

2.      Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Second Amended Complaint and on that basis denies the allegations.

3.      Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Second Amended Complaint and on that basis denies the allegations.

4.      Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Second Amended Complaint and on that basis denies the allegations.

5.      Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Second Amended Complaint and on that basis denies the allegations.

6.      Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Second Amended Complaint and on that basis denies the allegations.

---

[1] Honeywell makes no response to the headings listed in Plaintiff's Second Amended Complaint and repeated here to mirror Plaintiff's Second Amended Complaint inasmuch as they are not allegations of fact requiring a response and, in some instances constitute argument.  To the extent that any or all of the headings are considered factual allegations, they are denied.

7.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Second Amended Complaint and on that basis denies the allegations.

8.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Second Amended Complaint and on that basis denies the allegations.

9.     The ROD speaks for itself.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the balance of Paragraph 9 of the Second Amended Complaint and on that basis denies these allegations.

10.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Second Amended Complaint and on that basis denies the allegations.

11.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Second Amended Complaint and on that basis denies the allegations.

12.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Second Amended Complaint and on that basis denies the allegations.

13.     Honeywell admits that it did not approve the use of slag for the Seawall or Western Jetty and that it did not own or operate the Seawall or Western Jetty.  The balance of the allegations contained in Paragraph 13 of the Second Amended Complaint set forth legal conclusions for which no response is required.

14.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Second Amended Complaint and on that basis denies the allegations.

15.     The allegations contained in Paragraph 15 of the Second Amended Complaint set forth legal conclusions for which no response is required.

16.     The allegations contained in Paragraph 16 of the Second Amended Complaint set forth legal conclusions for which no response is required.

17.     The allegations contained in Paragraph 17 of the Second Amended Complaint set forth legal conclusions for which no response is required.

**PARTIES**

18.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Second Amended Complaint and on that basis denies the allegations.

**A.      Public Polluter Defendants**

19.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Second Amended Complaint and on that basis denies the allegations.

20.     Honeywell admits that Defendant USACE is an agency of the United States government.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Second Amended Complaint and on that basis denies these allegations.

21.     Honeywell admits that the State of New Jersey is a duly constituted state government, which maintains the New Jersey Office of Attorney General located at 25 Market Street, Trenton, New Jersey 08611.

B.      **Current Property Owner/Operator Defendants**

22.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Second Amended Complaint and on that basis denies the allegations.

23.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Second Amended Complaint and on that basis denies the allegations.

C.      **Source Material Defendants**

1.      **NL Customer Defendants**

24.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Second Amended Complaint and on that basis denies the allegations.

25.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Second Amended Complaint and on that basis denies the allegations.

26.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Second Amended Complaint and on that basis denies the allegations.

27.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Second Amended Complaint and on that basis denies the allegations.

28.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Second Amended Complaint and on that basis denies the allegations.

29.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Second Amended Complaint and on that basis denies the allegations.

30.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Second Amended Complaint and on that basis denies the allegations.

31.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Second Amended Complaint and on that basis denies the allegations.

32.    The allegations contained in the first sentence of Paragraph 32 of the Second Amended Complaint set forth legal conclusions for which no response is required.  Honeywell admits that it is a corporation organized under the laws of the State of Delaware and that it has an office located at 101 Columbia Road, Morristown, New Jersey 07960.

33.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Second Amended Complaint and on that basis denies the allegations.

34.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Second Amended Complaint and on that basis denies the allegations.

35.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Second Amended Complaint and on that basis denies the allegations.

36.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Second Amended Complaint and on that basis denies the allegations.

37.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Second Amended Complaint and on that basis denies the allegations.

38.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Second Amended Complaint and on that basis denies the allegations.

39.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Second Amended Complaint and on that basis denies the allegations.

40.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Second Amended Complaint and on that basis denies the allegations.

41.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Second Amended Complaint and on that basis denies the allegations.

42.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Second Amended Complaint and on that basis denies the allegations.

43.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Second Amended Complaint and on that basis denies the allegations.

44.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Second Amended Complaint and on that basis denies the allegations.

45.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Second Amended Complaint and on that basis denies the allegations.

### 2.     Other Source Material Generator Defendants

46.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Second Amended Complaint and on that basis denies the allegations.

47.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Second Amended Complaint and on that basis denies the allegations.

## JURISDICTION AND VENUE

48.     The allegations contained in Paragraph 48 of the Second Amended Complaint set forth legal conclusions for which no response is required.

49.     The allegations contained in Paragraph 49 of the Second Amended Complaint set forth legal conclusions for which no response is required.

50.     The allegations contained in Paragraph 50 of the Second Amended Complaint set forth legal conclusions for which no response is required.

51.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Second Amended Complaint and on that basis denies the allegations.

52.     The allegations contained in Paragraph 52 of the Second Amended Complaint set forth legal conclusions for which no response is required.

## GENERAL ALLEGATIONS

A.     **The Shore Protection Project and the Public Polluter Defendants' Responsibility for the Laurence Harbor Shoreline**

53.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Second Amended Complaint and on that basis denies the allegations.

54.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Second Amended Complaint and on that basis denies the allegations.

55.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Second Amended Complaint and on that basis denies the allegations.

56.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Second Amended Complaint and on that basis denies the allegations.

57.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Second Amended Complaint and on that basis denies the allegations.

58.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Second Amended Complaint and on that basis denies the allegations.

59.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Second Amended Complaint and on that basis denies the allegations.

60.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Second Amended Complaint and on that basis denies the allegations.

61.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Second Amended Complaint and on that basis denies the allegations.

62.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Second Amended Complaint and on that basis denies the allegations.

63.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Second Amended Complaint and on that basis denies the allegations.

64.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Second Amended Complaint and on that basis denies the allegations.

65.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Second Amended Complaint and on that basis denies the allegations.

66.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Second Amended Complaint and on that basis denies the allegations.

67.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Second Amended Complaint and on that basis denies the allegations.

68.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Second Amended Complaint and on that basis denies the allegations.

**B.      Approval From the Public Polluter Defendants for a Private Developer's Use of Lead-Bearing Slag to Construct the Seawall**

69.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Second Amended Complaint and on that basis denies the allegations.

70.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Second Amended Complaint and on that basis denies the allegations.

71.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Second Amended Complaint and on that basis denies the allegations.

72.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Second Amended Complaint and on that basis denies the allegations.

73.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Second Amended Complaint and on that basis denies the allegations.

74.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Second Amended Complaint and on that basis denies the allegations.

75.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Second Amended Complaint and on that basis denies the allegations.

76.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Second Amended Complaint and on that basis denies the allegations.

77.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Second Amended Complaint and on that basis denies the allegations.

78.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Second Amended Complaint and on that basis denies the allegations.

79.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Second Amended Complaint and on that basis denies the allegations.

80.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Second Amended Complaint and on that basis denies the allegations.

81.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Second Amended Complaint and on that basis denies the allegations.

82.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Second Amended Complaint and on that basis denies the allegations.

83.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Second Amended Complaint and on that basis denies the allegations.

84.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Second Amended Complaint and on that basis denies the allegations.

85.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Second Amended Complaint and on that basis denies the allegations.

86.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Second Amended Complaint and on that basis denies the allegations.

87.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Second Amended Complaint and on that basis denies the allegations.

88.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Second Amended Complaint and on that basis denies the allegations.

89.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Second Amended Complaint and on that basis denies the allegations.

C.      **Decision of the Public Polluter Defendants to Allow Lead-Bearing Slag to Remain Even After Concerns About Environmental Contamination Had Been Raised**

90.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Second Amended Complaint and on that basis denies the allegations.

91.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Second Amended Complaint and on that basis denies the allegations.

92.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Second Amended Complaint and on that basis denies the allegations.

93.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Second Amended Complaint and on that basis denies the allegations.

94.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Second Amended Complaint and on that basis denies the allegations.

95.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Second Amended Complaint and on that basis denies the allegations.

96.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Second Amended Complaint and on that basis denies the allegations.

97.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Second Amended Complaint and on that basis denies the allegations.

98.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Second Amended Complaint and on that basis denies the allegations.

99.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Second Amended Complaint and on that basis denies the allegations.

100.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Second Amended Complaint and on that basis denies the allegations.

101.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Second Amended Complaint and on that basis denies the allegations.

102.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Second Amended Complaint and on that basis denies the allegations.

103.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Second Amended Complaint and on that basis denies the allegations.

104.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Second Amended Complaint and on that basis denies the allegations.

105.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Second Amended Complaint and on that basis denies the allegations.

106.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Second Amended Complaint and on that basis denies the allegations.

107.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Second Amended Complaint and on that basis denies the allegations.

108.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Second Amended Complaint and on that basis denies the allegations.

109.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Second Amended Complaint and on that basis denies the allegations.

110.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Second Amended Complaint and on that basis denies the allegations.

111.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Second Amended Complaint and on that basis denies the allegations.

112.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Second Amended Complaint and on that basis denies the allegations.

113.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Second Amended Complaint and on that basis denies the allegations.

114.   Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Second Amended Complaint and on that basis denies the allegations.

**D.     Use of Lead-Bearing Slag to Refurbish the Western Jetty**

115.   Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Second Amended Complaint and on that basis denies the allegations.

116.   Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Second Amended Complaint and on that basis denies the allegations.

117.   Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Second Amended Complaint and on that basis denies the allegations.

118.   Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Second Amended Complaint and on that basis denies the allegations.

119.   Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Second Amended Complaint and on that basis denies the allegations.

120.   Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Second Amended Complaint and on that basis denies the allegations.

121.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Second Amended Complaint and on that basis denies the allegations.

122.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Second Amended Complaint and on that basis denies the allegations.

123.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Second Amended Complaint and on that basis denies the allegations.

**E.    Listing of the RBS Site on the NPL**

124.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Second Amended Complaint and on that basis denies the allegations.

125.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Second Amended Complaint and on that basis denies the allegations.

126.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Second Amended Complaint and on that basis denies the allegations.

127.    Honeywell admits that in May 2013 USEPA issued the ROD for the RBS Site, which document speaks for itself.  Honeywell lack knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 127 of the Second Amended Complaint and on that basis denies the allegations.

128.   Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Second Amended Complaint.

129.   Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Second Amended Complaint.

130.   Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Second Amended Complaint.

131.   Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Second Amended Complaint.

**F.      Responsibility of Public Polluter Defendants and Current Property Owner/Operator Defendants**

132.   The allegations contained in Paragraph 132 of the Second Amended Complaint set forth legal conclusions for which no response is required.

133.   The allegations contained in Paragraph 133 of the Second Amended Complaint set forth legal conclusions for which no response is required.

134.   The allegations contained in Paragraph 134 of the Second Amended Complaint set forth legal conclusions for which no response is required.

135.   The allegations contained in Paragraph 135 of the Second Amended Complaint set forth legal conclusions for which no response is required.

136.   The allegations contained in Paragraph 136 of the Second Amended Complaint set forth legal conclusions for which no response is required.

137.   The allegations contained in Paragraph 137 of the Second Amended Complaint set forth legal conclusions for which no response is required.

138.   The allegations contained in Paragraph 138 of the Second Amended Complaint set forth legal conclusions for which no response is required.

139.    The allegations contained in Paragraph 139 of the Second Amended Complaint set forth legal conclusions for which no response is required.

**G.     Responsibility of NL Customer Defendants**

140.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Second Amended Complaint.

141.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Second Amended Complaint.

142.    Honeywell denies the allegations in Paragraph 142 of the Second Amended Complaint to the extent they apply to Honeywell.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 139 of the Second Amended Complaint.

143.    Honeywell denies the allegations in Paragraph 143 of the Second Amended Complaint to the extent they apply to Honeywell.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 140 of the Second Amended Complaint.

144.    The allegations contained in Paragraph 144 of the Second Amended Complaint set forth legal conclusions for which no response is required.

145.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Second Amended Complaint.

146.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Second Amended Complaint.

147.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 of the Second Amended Complaint.

148.   Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the Second Amended Complaint.

**H.**   **Responsibility of Other Source Material Generator Defendants**

149.   Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 149 of the Second Amended Complaint.  The allegations contained in the third sentence of Paragraph 149 of the Second Amended Complaint set forth legal conclusions for which no response is required. To the extent any response is required, Honeywell denies the allegations contained in the third sentence of Paragraph 149 of the Second Amended Complaint.

150.   Honeywell lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 146 of the Second Amended Complaint.  The allegations contained in the second sentence of Paragraph 146 of the Second Amended Complaint set forth legal conclusions for which no response is required.  To the extent any response is required, Honeywell denies the allegations contained in the second sentence of Paragraph 146 of the Second Amended Complaint.

## COUNT I

## COST RECOVERY UNDER CERCLA § 107(a)

151.   Honeywell incorporates by reference its responses to Paragraphs 1 through 150 as if fully set forth herein.

152.   The allegations contained in Paragraph 152 of the Second Amended Complaint set forth legal conclusions for which no response is required.

153.   The allegations contained in Paragraph 153 of the Second Amended Complaint set forth legal conclusions for which no response is required.

154.   The allegations contained in Paragraph 154 of the Second Amended Complaint set forth legal conclusions for which no response is required.

155.   The allegations contained in Paragraph 155 of the Second Amended Complaint set forth legal conclusions for which no response is required.

156.   The allegations contained in Paragraph 156 of the Second Amended Complaint set forth legal conclusions for which no response is required.

157.   The allegations contained in Paragraph 157 of the Second Amended Complaint set forth legal conclusions for which no response is required.

158.   The allegations contained in Paragraph 158 of the Second Amended Complaint set forth legal conclusions for which no response is required.

159.   The allegations contained in Paragraph 159 of the Second Amended Complaint set forth legal conclusions for which no response is required.  To the extent any response is required, Honeywell denies the allegations contained in Paragraph 159 of the Second Amended Complaint as they pertain to Honeywell.

160.   The allegations contained in Paragraph 160 of the Second Amended Complaint set forth legal conclusions for which no response is required.

WHEREFORE, Honeywell demands judgment against the Plaintiff as follows:

(a)   Dismissing Count I with prejudice

(b)   Providing for such other relief as the Court deems appropriate.

## COUNT II

## CONTRIBUTION UNDER CERCLA § 113

Count II set forth in Paragraphs 161 through 166 is the subject of a motion to dismiss and therefore no response is required.

## COUNT III

## DECLARATORY JUDGMENT UNDER CERCLA § 113

167.   Honeywell incorporates by reference its responses to Paragraphs 1 through 167 as if fully set forth herein.

168.   The allegations contained in Paragraph 168 of the Second Amended Complaint set forth legal conclusions for which no response is required.

169.   The allegations contained in Paragraph 169 of the Second Amended Complaint set forth legal conclusions for which no response is required.   To the extent any response is required, Honeywell denies the allegations contained in Paragraph 169 of the Second Amended Complaint as they pertain to Honeywell.

170.   The allegations contained in Paragraph 170 of the Second Amended Complaint set forth legal conclusions for which no response is required.

171.   The allegations contained in Paragraph 171 of the Second Amended Complaint set forth legal conclusions for which no response is required.   To the extent any response is required, Honeywell denies the allegations contained in Paragraph 171 of the Second Amended Complaint as they pertain to Honeywell.

WHEREFORE, Honeywell demands judgment against the Plaintiff as follows:

(a)   Dismissing Count III with prejudice

(b)   Providing for such other relief as the Court deems appropriate.

## COUNT IV

## DECLARATORY RELIEF UNDER THE NEW JERSEY DECLARATORY JUDGMENT ACT

Count IV set forth in Paragraphs 172 through 176 is the subject of a motion to dismiss and therefore no response is required.

## COUNT V

## COST RECOVERY AND CONTRIBUTION UNDER THE SPILL ACT

Count V set forth in Paragraphs 177 through 184 is the subject of a motion to dismiss and therefore no response is required.

## AFFIRMATIVE DEFENSES

Honeywell asserts the following Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations, statute(s) of repose, the doctrine of laches, unclean hands, waiver, contributory negligence, and/or estoppel.

## THIRD AF FIRMATIVE DEFENSE

Neither Honeywell nor any entity to which Honeywell is a successor is the successor to C&D Batteries or Prestolite Batteries, Division of Eltra Corp.

## FOURTH AFFIRMATIVE DEFENSE

Neither Honeywell nor any entity to which Honeywell is a successor ever owned the RBS Site.

## FIFTH AFFIRMATIVE DEFENSE

Neither Honeywell nor any entity to which Honeywell is a successor ever operated at the RBS Site.

## SIXTH AFFIRMATIVE DEFENSE

Honeywell is not a person subject to liability pursuant to §107(a) of CERCLA because Honeywell did not own or operate the RBS Site nor did it arrange for the disposal or treatment of any hazardous substances at the Site.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to comply with all of the statutory and/or regulatory prerequisites, necessary to bring and/or maintain an action under CERCLA.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by CERCLA § 107(b)(3), 42 U.S.C. § 9607(b)(3), because (a) the actual or threatened releases of hazardous substances alleged in the Second Amended Complaint, if any, were caused solely by the acts or omissions of persons or entities over whom Honeywell had no control, and who were not employees of and whose acts or omissions did not occur in connection with a contractual relationship, existing directly or indirectly, with Honeywell; (b) Honeywell exercised due care with respect to any hazardous substance, taking into account the characteristics of the substance and all other relevant facts and circumstances; and (c) Honeywell took precautions against the foreseeable acts or omissions of third parties and the foreseeable consequences of such acts or omissions.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by CERCLA § 107(j), 42 U.S.C. § 9607(j), because the costs or damages alleged in the Second Amended Complaint resulted from a federally permitted release.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by CERCLA § 107(o), 42 U.S.C. § 9607(o), because the hazardous substances, if any, at the RBS Site that Plaintiff alleges Honeywell arranged for disposal of: (a) were less than 110 gallons of liquid materials or 200 pounds of solid materials; and (b) all or part were disposed before April 1, 2001.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by CERCLA § 127, 42 U.S.C. § 9627, because if Honeywell sent materials to Plaintiff's Perth Amboy facility, then: (1) Honeywell sent recyclable materials to be recycled; (2) Honeywell complied with applicable federal environmental regulations or standards while doing so; (3) the recyclable materials met a commercial specification grade; (4) a market existed for the recyclable materials; (5) a substantial portion of the recyclable materials were made available for use as feedstock for the manufacture of a new saleable product; (6) the recyclable material could have been a replacement or substitute for a virgin raw material, or the product to be made from the recyclable material could have been a replacement or substitute for a product made, in whole or in part, from virgin raw material; and (7) the transactions occurred before November 29, 1991.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions by Honeywell were the proximate cause or the actual cause of the injuries or damages allegedly sustained by the Plaintiff and, alternatively, the Plaintiff's losses or injuries, if any, were caused or contributed to by the intervening acts of third parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not incurred any costs that are recoverable under CERCLA. Any cost or damage incurred by Plaintiff were unreasonable, duplicative, wasteful, speculative, remote, or inconsistent with the National Contingency Plan and/or not authorized under CERCLA or any implementing regulations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not incurred "response costs" as that term is defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

## FIFTEENTH AFFIRMATIVE DEFENSE

Any legally cognizable injury or damage that Plaintiff has suffered, to the extent any was suffered, was caused either in whole or in part by the acts or omissions of Plaintiff and not as a result of any conduct by Honeywell. Thus, Plaintiff is barred from recovery.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its costs or damages, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any claims for joint and several liability by Plaintiff are barred because, to the extent any harm exists, that harm is divisible, and the damages, if any, caused by such harm may be apportioned among the persons who allegedly caused the harm.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent other parties not named in the case are responsible for any alleged claims or damages by Plaintiff, such claims against Honeywell are barred by Plaintiff's failure to join such parties.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover from Honeywell any damages or costs not yet incurred.

## TWENTIETH AFFIRMATIVE DEFENSE

Honeywell hereby reserves the right to amend this Answer and to assert any additional defenses or to supplement, alter or change this Answer upon ascertaining more definite facts during and upon completion of discovery and investigation.

## COUNTERCLAIM OF DEFENDANT
## HONEYWELL INTERNATIONAL INC.
## <u>CONTRIBUTION UNDER CERCLA § 113</u>

181.   In Paragraphs 1 through 146, Plaintiff has alleged that Honeywell and other Defendants ("Non-Honeywell Defendants") are liable for response costs at the RBS Site.

182.   To the extent that Plaintiff proves some or all of the allegations contained in Paragraphs 1 through 146, those allegations make Plaintiff liable for response costs under CERCLA § 107(a), 42 U.S.C. § 9607(a).

183.   Plaintiff has filed a civil action against Honeywell under CERCLA § 107(a), 42 U.S.C. § 9607(a).

184.   Pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), to the extent Honeywell is found responsible for response costs for the RBS Site, Plaintiff is liable to Honeywell in contribution for Plaintiff's fair share of the response costs.

WHEREFORE, Honeywell seeks judgment in its favor against Plaintiff:

(a)   Finding that, if Honeywell is found responsible for response costs for the RBS Site, Plaintiff is liable under CERCLA in contribution in an amount equal to its equitable share of the response costs to be incurred by Honeywell in connection with the RBS Site; and

(b)   Providing for such other relief as the Court deems appropriate.

## CROSS-CLAIM OF DEFENDANT
## HONEYWELL INTERNATIONAL INC.
## <u>CONTRIBUTION UNDER CERCLA § 113</u>

185.    In Paragraphs 1 through 146, Plaintiff has alleged that Honeywell and Non-Honeywell Defendants are liable for response costs at the RBS Site.

186.    To the extent that Plaintiff proves some or all of the allegations contained in Paragraphs 1 through 146, those allegations make the Non-Honeywell Defendants liable for response costs under CERCLA § 107(a), 42 U.S.C. § 9607(a).

187.    Plaintiff has filed a civil action against Honeywell under CERCLA § 107(a), 42 U.S.C. § 9607(a).

188.    Pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), to the extent Honeywell is found responsible for response costs for the RBS Site, the Non-Honeywell Defendants are liable to Honeywell in contribution for their fair share of the response costs.

WHEREFORE, Honeywell seeks judgment in its favor against the Non-Honeywell Defendants:

(a)    Finding that, if Honeywell is found responsible for response costs for the RBS Site, the Non-Honeywell Defendants are liable under CERCLA in contribution in an amount equal to their equitable share of the response costs to be incurred by Honeywell in connection with the RBS Site; and

(b)    Providing for such other relief as the Court deems appropriate.

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

Dated: 10|15|13          By: _____

JOHN M. AGNELLO
MELISSA E. FLAX

31

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceedings.

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

Dated: October 15, 2013                 By:   _____
                                                  JOHN M. AGNELLO
                                                  MELISSA E. FLAX

32

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 201.1</u>

Pursuant to Local Civil Rule 201.1, the undersigned counsel for Defendant, Honeywell International Inc. hereby certifies that the Second Amended Complaint seeks damages in excess of $150,000, exclusive of interest and costs, and therefore is not appropriate for compulsory arbitration.

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

Dated: October 15, 2013         By: _____

                                                 JOHN M. AGNELLO
                                               MELISSA E. FLAX