ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ  08033
(856) 795-2121
Attorneys for Plaintiff,
NL Industries, Inc.

By:    CHRISTOPHER R. GIBSON, ESQ.
       PATRICK M. FLYNN, ESQ.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NL INDUSTRIES, INC., | Civil Action No.:  3:13-cv-03493-MAS-TJB |
| Plaintiff, | |
| vs. | |
| OLD BRIDGE TOWNSHIP, et al., | **Electronically Filed** |
| Defendants. | |

## DECLARATION OF CHRISTOPHER R. GIBSON

**CHRISTOPHER R. GIBSON**, of full age, upon his oath deposes and says:

1.    I am an attorney-at-law admitted to practice before this Court, and a shareholder in and the President of the law firm of Archer & Greiner, a Professional Corporation, attorneys for Plaintiff NL Industries, Inc. ("NL") in the above-captioned matter.  I make this Declaration based upon my personal knowledge gained through serving as counsel for NL in connection with this matter.

2.    Between June 2007 and the present, attorneys at the law firm of Archer & Greiner, P.C. have completed various tasks related to indentifying additional potentially

responsible parties ("PRPs") for the Raritan Bay Slag Superfund Site ("RBS Site"). The

work completed by attorneys at Archer & Greiner has included, but is not limited to:

a.     Drafting, submitting, and reviewing the responses obtained from Open Public Records Act and Freedom of Information Act requests submitted to: (1) the Township of Old Bridge's Business Administrator, Construction Official, Community Development Office, Township Clerk, Office of Economic Development, Township Engineer, Director of Finance, Registrar of Vital Statistics, Attorney, and Parks and Recreation Department; (2) the County of Middlesex's Administrator, Comptroller, Clerk of the Board, Improvement Authority, Economic Development Office, Archives, Chairman, Engineer, and Planning Board; (3) the New Jersey Department of Environmental Protection; (4) the United States Army Corps of Engineers' North Atlantic, Waterways Laboratory, and Construction Laboratories Divisions; (5) United States Environmental Protection Agency; and (6) the State of New Jersey's Division of Archives and Records Management, Department of Transportation, Turnpike Authority, Division of Public Safety and Occupational Safety and Health in the Department of Labor, and Department of Revenue.

b.     Researching state and federal government involvement in the construction of a seawall (the "Sewall") and reinforcement of a jetty at the western portion of the RBS Site (the "Western Jetty");

c.     Obtaining and reviewing title searches for properties comprising the RBS Site;

d.     Locating and reviewing historical documents regarding industrial operations in the vicinity of the RBS Site whose waste materials could have been transported to the RBS Site;

e.     Researching the historical operations and present status of trucking companies and other entities involved with transporting slag and other materials to the RBS Site;

f.     Researching potential sources of the slag and other waste material deposited at the RBS Site;

g.     Locating potential witnesses who might have knowledge regarding the deposit of slag and other materials at the RBS Site; and

h.     Conducting research related to the operations, corporate successor history, and current viability of customers of NL's Perth Amboy secondary lead smelting facility.

Some of the results of this work were provided to the United States Environmental Protection Agency ("USEPA"), and the USEPA subsequently issued information requests pursuant to § 104(e) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., to other PRPs for the RBS Site.  The cost incurred and invoiced to NL by Archer & Greiner for this work was in excess of $75,000.

3.      In early 2007, NL retained Advanced GeoServices Corp., a civil and environmental consulting firm, to provide services with respect to the RBS Site.  (See Affidavit of Christopher T. Reitman, P.E. ("Reitman Aff.") at ¶ 1.)  A detailed description of the services Advanced GeoServices Corp. provided to NL, and the approximate cost for those services, can be found in the Affidavit of Christopher T. Reitman, P.E. filed with the Court.

4.      In June 2009, NL retained GradCo, LLC (d/b/a/ Gradient), an environmental consulting firm to provide services with respect to the RBS Site.  Services that GradCo, LLC provided included analysis of data collected by the USEPA to determine what, if any, human health or ecological risks were presented by the presence of hazardous substances at the RBS Site.

5.      In January 2010, NL also engaged LECG, LLC ("LECG"), an environmental consulting firm to provide services in connection with the RBS Site.  Specifically, LECG was engaged to conduct historical research to help identify and locate PRPs and witnesses.  Tasks performed by LECG included the following:

      a.      Conducting historical research on the potential sources of materials used in the construction of the Seawall, the Western Jetty, and other structures at the RBS Site;

      b.     Researching the participation of public entities in the construction of the Seawall and Western Jetty;

      c.     Identifying past and present ownership of properties at the RBS Site;

      d.     Obtaining and analyzing information related to PRPs, including corporate succession and insurance policies; and

      e.     Identifying knowledgeable persons who may have information regarding the transport and disposal of waste at the RBS Site and/or the construction of the Seawall.

6.     On May 22, 2012, NL submitted an Engineering Evaluation/Cost Analysis ("EE/CA") for the RBS Site to the USEPA which was prepared by NL and its environmental consultant, Advanced GeoServices Corp., at the USEPA's suggestion and with the USEPA's encouragement.  A true and correct copy of the letter (without enclosure) from NL to Tanya Mitchell, USEPA, Region 2 submitting the EE/CA is attached hereto as Exhibit "A".

7.     In June 2012, NL retained Shaw Environmental & Infrastructure, Inc. ("Shaw"), an environmental consulting firm.  NL retained Shaw for the purpose of analyzing sampling data in order to: (1) identify the potential sources of lead and arsenic at the RBS Site to assist with identifying additional PRPs; and (2) help evaluate effective remediation options at the RBS Site.  The cost of the work completed by Shaw was in excess of $15,000.

8.     On August 6, 2013, I transmitted to the USEPA a copy of a Magnetic Separation Bench Scale Testing Technical Report ("Magnetic Separation Report") for the RBS Site, dated July 24, 2013.  A true and correct copy of the Magnetic Separation Report is attached hereto as Exhibit "B".

9.      On October 22, 2013, I sent to the USEPA NL's responses to the USEPA's comments on the Magnetic Separation Report for the RBS Site.  A true and correct copy of the letter, with NL's responses, from Christopher R. Gibson, Esq. to Frank X. Cardiello, USEPA, Region 2, is attached hereto as Exhibit "C".

10.     On November 4, 2013, several months after NL served its Second Amended Complaint ("Complaint"), counsel for NL participated in a Rule 26(f) conference with counsel for most the Defendants to discuss terms for a proposed discovery plan.  On November 18, 2013, Defendants Tiffen Manufacturing Corp., Yuasa Battery, Inc., Joe Krentzman & Son, Inc., Gould Electronics, Inc., Township of Old Bridge, EnerSys, Inc., Rio Tinto Minerals, the State of New Jersey, E.I. du Pont de Nemours and Company, Wimco Metals, Inc., and Atlantic Richfield Company (collectively, the "Tiffen Group") submitted a proposed discovery plan which requested that the start of discovery be stayed pending the outcome of the Defendants' anticipated motions to dismiss.  (Attached as Exhibit "D".)  Defendants the United States Army Corps of Engineers and the United States General Services Administration (the "Federal Defendants") submitted a letter requesting discovery be stayed pending the outcome of the motions to dismiss.  (Attached as Exhibit "E".)  On November 26, 2013, the Court entered an Order staying discovery pending the disposition of the Defendants' motions to dismiss. (See Doc. No. 159.)

11.     On January 30, 2014, NL received a letter from Frank X. Cardiello, Assistant Regional Counsel for USEPA, Region 2 enclosing a Unilateral Administrative Order ("UAO"), USEPA Index No. CERCLA-02-2014-2012 issued by the USEPA, pursuant to Section 106(a) of CERCLA, requiring NL's performance of the remedial

design and remedial action for the RBS Site.  (Attached as Exhibit "F" is the letter and UAO without attachments.)

12.    Attached hereto as Exhibit "G" is a true and correct copy of an Indenture between Laurence Harbor Cabin Colony, Inc. and Sea-Land Development, Corp. ("Sea-Land"), dated August 22 1967, through which Sea-Land acquired ownership of a parcel of land in the Township of Madison (Old Bridge), in the County of Middlesex, New Jersey, later identified as Block 1, Lot 49 on the Middlesex County tax map, as referred to at ¶ 68 of the Complaint.

13.    Attached hereto as Exhibit "H" is a true and correct copy of a portion of the Record of Decision ("ROD") issued by the USEPA for the RBS Site on May 23, 2013, as referred to at ¶ 127 of the Complaint.

14.    Attached hereto as Exhibit "I" is a true and correct copy of the USEPA's Fact Sheet for the RBS Site as well as photographs of the RBS Site obtained from the USEPA's website.

15.    Attached hereto as Exhibit "J" is a true and correct copy of a deed between Sea-Land and Old Bridge Township, dated May 11, 1983, through which Old Bridge Township acquired ownership of a parcel of land in Old Bridge Township identified as Block 1, Lot 49 on the Middlesex County tax map, as referred to at ¶ 110 of the Complaint.

16.    Attached hereto as Exhibit "K" is a true and correct copy of a Property Detail Report for the property identified as Block 1, Lot 49 on the Middlesex County tax map that was obtained from the Charles Jones on-line property database on January 29, 2014, as referred to at ¶ 137 of the Complaint.

17.     Attached hereto as Exhibit "L" is a true and correct copy of the United States Department of the Army's Letter Report on a beach erosion control and interim hurricane survey of Raritan Bay and Sandy Hook Bay, New Jersey, dated April 30, 1962, as referred to at ¶ 54 of the Complaint.

18.     Attached hereto as Exhibit "M" is a true and correct copy of the Raritan Bay and Sandy Hook Bay, New Jersey, Beach Erosion & Hurricane Project, Madison Township, Operation and Maintenance Manual, issued by the United States Army Corps of Engineers, New York District, dated August 1970, as referred to at ¶ 57 of the Complaint.

19.     Attached hereto as Exhibit "N" is a true and correct copy of an undated document entitled the "Condensed Report of Shore Protection for Madison Township", issued by the Office of the Engineer for the Township of Madison (Old Bridge), as referred to at ¶ 61 of the Complaint.

20.     Attached hereto as Exhibit "O" is a true and correct copy of a letter from Raymond B. Fagan, Chairman of the County Advisory Counsel and Environmental Protection and Legislative Aide to Assemblymen John H. Froude, dated December 5, 1972, enclosing a document entitled "Chronological History, Riparian Grant Case #68-131, Sea Land Development Corp", as referred to at ¶¶ 75-77 of the Complaint.

21.     Attached hereto as Exhibit "P" is a true and correct copy of a letter from Madison (Old Bridge) Township Engineer, Harvey P. Goldie, P.E., dated February 21, 1973, as referred to at ¶ 99 of the Complaint.

22.     Attached hereto as Exhibit "Q" is a true and correct copy of a Directive and Notice to Insurers from Ronald T. Corcory, Assistant Director Enforcement and

Assignment Element of the New Jersey Department of Environmental Protection, to NL

Industries, Inc., dated June 17, 2008, as referred to at ¶ 100 of the Complaint.


I declare under penalty of perjury that to the best of my knowledge and belief the

foregoing is true and accurate.


/s/ Christopher R. Gibson
CHRISTOPHER R. GIBSON

Dated:  January 31, 2014


10679185v1


8