**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NL INDUSTRIES, INC., <br><br> Plaintiff, <br> v. <br><br> OLD BRIDGE TOWNSHIP, *et al.*, <br><br> Defendants. | Civil Action No. 13-3493 (MAS) (TJB) <br><br> **OPINION AND ORDER** |

**SHIPP, District Judge**

This matter comes before the Court on the motion of Defendants United States Army Corps of Engineers ("USACE") and United States General Services Administration ("USGSA") (collectively, "United States") requesting reconsideration of a prior decision of this Court. (ECF No. 295.) The United States seeks reconsideration, pursuant to Local Civil Rule 7.1(i), of the Court's June 30, 2014 Order and Memorandum Opinion (ECF Nos. 277, 278), which granted in part and denied in part several motions to dismiss, filed by various defendants, including the United States.[1] (ECF No. 130.) The United States seeks reconsideration, with respect to USACE only, of the portion of the Court's decision that denied dismissal of Counts I through III of Plaintiff NL Industries, Inc.'s ("Plaintiff") Second Amended Complaint, which requested relief under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601-9675. Plaintiff filed opposition to the United States' motion. (ECF No. 302.) The Court has carefully considered the parties' submissions and has decided this matter without

---

[1] Plaintiff brings suit against a slew of other defendants, which are omitted here for the sake of brevity.

oral argument pursuant to Local Civil Rule 78.1. For the foregoing reasons, the United States' motion is denied.

The Court decided the motions to dismiss at issue on June 30, 2014. Shortly thereafter, on July 2, 2014, the Honorable Tonianne J. Bongiovanni, U.S.M.J., granted Plaintiff's motion for leave to file a Third Amended Complaint. (ECF No. 280.) In the interim, the United States filed the motion *sub judice*. Subsequently, Plaintiff filed its Third Amended Complaint, which includes additional allegations in support of USACE's liability. (ECF No. 299.)

Motions for reconsideration are authorized under Local Civil Rule 7.1, which "allows a party to seek reconsideration of a court's decision if there are 'matters or controlling decisions which counsel believes the Judge . . . has overlooked.'" *Dunn v. Reed Grp., Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2010) (citing L. Civ. R. 7.1(i)). It "is an extraordinary remedy that is to be granted very sparingly." *Id.* (internal quotation marks omitted). In its motion, the United States asserts that the Court failed to consider its argument that, as a matter of law, the USACE cannot be held liable as an arranger or operator under CERCLA.

Here, however, the United States' motion for reconsideration is moot. The United States requests reconsideration of the Court's decision on a motion to dismiss the Second Amended Complaint; as noted above, Plaintiff has since filed a Third Amended Complaint. "An amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit." *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002). As a result, the Court cannot consider a motion for reconsideration that is tied to a pleading that is no longer operative. *See Call v. Czaplicki*, No. 09-6561, 2011 WL 2532712, at *9 n.9 (D.N.J. June 23, 2011) (recognizing a "motion for reconsideration [as] non-justiciable" where an amended complaint

"supplanted the [c]omplaint [and] thereby render[ed] any motion for reconsideration advisory" (internal quotation marks omitted)). Accordingly, the United States' motion is moot.

Moreover, the Third Amended Complaint presents additional or different allegations that, if proven, may establish liability on the part of USACE. CERCLA imposes liability on four expansive classes of "[c]overed persons," including owners, operators, and arrangers. 42 U.S.C. § 9607(a); *see also Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 608-09 (2009). With regard to owner liability, "CERLCA imposes liability on current owners of a site even if the disposal of the substances occurred before the commencement of ownership and the owner has not been shown to have caused a release." *United States v. Manzo*, 182 F. Supp. 2d 385, 397 (D.N.J. 2000). Plaintiff's Third Amended Complaint includes allegations that impact the Court's determination of whether USACE may incur ownership liability in connection with the Western Jetty, a site of alleged environmental contamination. (*See* Third Am. Compl. ¶ 129.) In addition, the Third Amended Complaint includes new or different allegations that impact the Court's determination regarding operator and arranger liability, particularly as those allegations relate to the alleged environmental contamination of the Western Jetty. For these reasons, the Court cannot, on the basis of the arguments before it, which overwhelmingly relate to the Second Amended Complaint, grant the relief requested by the United States in its motion. This decision does not preclude the United States from filing another motion to dismiss addressing the allegations in the Third Amended Complaint.

Accordingly, and for the above reasons, **IT IS** on this 27th day of February, 2015,

**ORDERED** that the United States' motion for reconsideration is **DENIED** as moot.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**