**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

NL INDUSTRIES, INC.,

                Plaintiff,

v.

OLD BRIDGE TOWNSHIP, et al.,

                Defendants.

Civil Action No. 13-3493 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on several motions to stay filed by the United States Army Corps of Engineers ("USACE"), the United States General Services Administration ("GSA") (collectively, "Federal Defendants"), Atlantic Richfield Company ("ARCO"), and the Township of Old Bridge ("Old Bridge") (collectively, with ARCO and Federal Defendants, "Moving Defendants"). (ECF Nos. 388, 389, 390.) Moving Defendants assert that Plaintiff NL Industries, Inc. ("NL" or "Plaintiff"), who brings suit for contribution and declaratory judgment under, inter alia, the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601-9675, seeks to undermine the United States Environmental Protection Agency's ("EPA") enforcement actions against it through the prosecution of this suit. Plaintiff opposes the motions claiming that Moving Defendants seek only to delay the resolution of the matter. (ECF No. 392.) In addition, Defendants Rio Tinto Minerals, Inc. ("Rio Tinto") and RAE Storage Battery Co. ("RAE") filed letter-briefs that, while not asserting a formal position on the stay application, raise various concerns regarding the imposition of a stay and request certain conditions be placed on any stay imposed to preserve evidence. (ECF Nos. 391, 400.) Also,

Plaintiff has requested leave to submit a sur-reply brief (ECF No. 405); however, permission is denied and NL's sur-reply is disregarded, as the prior submissions received are sufficient for the purposes of the Court's decision.

The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Moving Defendants' motions are denied.

## I.   **Background**

The facts of this case have been discussed at length in other decisions (*see* ECF No. 278); accordingly, this decision will address only those facts directly relevant to the motions at issue. NL has brought suit against various defendants under CERCLA and the New Jersey Spill Compensation and Control Act ("Spill Act"), N.J.S.A. 58:10-23.11, seeking the recovery of costs expended or to be expended in connection with the remediation of environmental contamination at, what is referred to as, the Raritan Bay Slag Superfund Site (the "RBS Site"). In February 2012, the EPA informed NL that the agency considered it to be a potentially responsible party. In January 2014, the EPA issued a Unilateral Administrative Order ("UAO") to NL under section 106 of CERCLA, 42 U.S.C. § 9606, which stated that NL is a responsible party under section 107 of CERCLA, 42 U.S.C. § 9607. According to Moving Defendants, the EPA and NL are currently negotiating to resolve NL's liability for cleanup costs at the RBS Site.

Six months prior to the issuance of the UAO, in June 2013, NL filed the instant suit. During the course of the litigation, in June 2014, NL entered into a stipulation with the Federal Defendants and the EPA, a nonparty, which the Court ordered at the parties' request, in order to avoid the unnecessary expansion of the litigation by preserving any counterclaims that could be brought by the EPA (the "Stipulation").

2

## II.    Discussion

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  The decision of whether to stay proceedings requires the court to "weigh competing interests and maintain an even balance." *Id.*  However, "[a] stay of a civil case is an 'extraordinary remedy,'" *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (quoting *Weil v. Markowitz*, 829 F.2d 166, 174 n.17 (D.C. Cir. 1987)), and "[t]he party seeking the stay must demonstrate 'a clear case of hardship or inequity, if there is even a fair possibility that the stay would work damage on another party.'" *Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 424-25 (D.N.J. 2003) (quoting *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983)).

As an initial matter, the Court finds that the imposition of a stay would result in more than a fair possibility of harm to the parties involved in the litigation, which requires Moving Defendants to make a case of hardship justifying the extraordinary remedy of a stay.  As the Federal Defendants state in their moving brief, there is nothing extraordinary regarding the occurrence of an EPA enforcement proceeding progressing parallel to Plaintiff's cost recovery action. (Fed. Defs.' Moving Br. 6 ("There initially seemed to be little harm in allowing the two processes to proceed in parallel . . . .").)[1]  Plaintiff's Third Amended Complaint asserts a cause of action, inter alia, for cost recovery under section 107, and under CERCLA's statutory scheme, it is entirely appropriate, if not encouraged, for a party to voluntarily incur response costs and to commence suit to recover those costs. *See E.I. DuPont De Nemours & Co. v. United States*, 508

---

[1] The Federal Defendants claim that NL's more recent representations regarding its non-liability are what justify the imposition of a stay.  This contention will be addressed *supra*.

F.3d 126, 135 (3d Cir. 2007). Although the Court questions NL's suggestion that its conduct is entirely altruistic, in light of the pending UAO, it does not change the fact that NL has asserted a viable section 107 claim, which will be stalled by the imposition of a stay. Furthermore, Plaintiff, and indeed even co-defendants of the Moving Defendants—namely, Rio Tinto and RAE—have made submissions to the Court expressing concern over the potential prejudice that might result from a stay, including the possibility of lost evidence, as the facts essential to establishing liability stem largely from actions that took place over forty years ago. Accordingly, the Court finds that there is the potential for significant harm to be suffered from the imposition of a stay, and as a result, Moving Defendants are obligated to "demonstrate 'a clear case of hardship or inequity.'" *Hertz Corp.*, 250 F. Supp. 2d at 424-25 (internal quotation marks omitted).

Moving Defendants identify three sources of harm that would result should the Court allow this action to progress. For one, Moving Defendants assert that allowing this litigation to proceed will undermine NL's stipulation to preserve the EPA's enforcement claims. In addition, Moving Defendants contend that, should a stay not be granted, NL may receive a determination of its liability, through a resolution of the outstanding counterclaims or a determination of its allocated share of response costs, which will subvert the purpose behind CERCLA and the UAO. With respect to the purposes of CERCLA, Moving Defendants argue that section 113(h) of CERCLA, which in relevant part limits federal jurisdiction to review orders issued under section 106 (with exceptions), supports the imposition of a stay. Last, Moving Defendants argue that, without a stay, both the Court's resources will be wasted and the parties' efforts may be duplicated.

The Court finds none of these justifications sufficiently weighty to satisfy Moving Defendants' burden towards justifying the imposition of a stay. The Court is not persuaded that the prosecution of the action will in some way undermine the Stipulation. As discussed, the

Stipulation provides that the EPA does not waive any potential claims related to enforcement against NL should it not file a counterclaim in this action. Moving Defendants assert that to allow the litigation of NL's liability in this action will render the Stipulation meaningless. NL's liability, however, is not yet at risk of being decided. Although there is a possibility of an allocation of all associated costs of remediation of the RBS Site among all Defendants, there is no likelihood of such a determination at this moment of the litigation (discovery has barely begun), and the Stipulation does not bar the EPA from asserting counterclaims in this action should it fear such a result is imminent.

Moving Defendants' assertion that section 113(h) supports the imposition of a stay is misplaced. Section 113(h) expresses "Congress's intent to limit a private party's ability to challenge the EPA's activities under CERCLA until the EPA has completed its clean-up of a hazardous site." *Boardhead Corp. v. Erickson*, 923 F.2d 1011, 1018 (3d Cir. 1991). Section 113(h) provides:

> No Federal court shall have jurisdiction under Federal law other than under section 1332 of Title 28 (relating to diversity of citizenship jurisdiction) or under State law which is applicable or relevant and appropriate under section 9621 of this title (relating to cleanup standards) to review any challenges to removal or remedial action selected under section 9604 of this title, or to review any order issued under section 9606(a) of this title,

unless certain exceptions apply. *See* 42 U.S.C. § 9613(h). Here, Plaintiff is not requesting review of the UAO, and Moving Defendants' efforts to cast a suit for cost recovery as a request for review fails. Again, even if Plaintiff were able to obtain a judgment for all costs of remediation incurred as a result of the EPA's enforcement, such a result would not result in this action being viewed as a request for review of the EPA's UAO.

Last, to the extent the progress of this litigation results in duplication of effort or an expenditure of judicial resources, such effects do not rise to the level of hardship necessary to justify the imposition of the extraordinary remedy of a stay. Accordingly, a stay is unwarranted.

**III.**   **Conclusion**

For the above reasons, the Moving Defendants' motion to stay the proceedings is denied. An order reflecting this decision accompanies this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Date:   May 29, 2015